# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**NESTOR CLASS-HERNANDEZ,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

**Civil No. 16-2875 (ADC)**
**[Related to Crim. No. 13-888-1 (ADC)]**

## OPINION AND ORDER

Pending before the Court is Nestor Class-Hernández's motion for *habeas* relief.[1] **ECF No. 1.** On February 22, 2017, the United States of America filed a motion to dismiss arguing that petitioner's motion is time-barred and even if deemed timely, his claims are meritless. **ECF No. 16**. For the following reasons, petitioner's motion is **DENIED WITH PREJUDICE** as untimely under 28 U.S.C § 2255(f).

Title 28 of United States Code § 2255(f) establishes a one-year period of limitations for motions under § 2255. In general, this period can run from one of four instances[2], only one of

---

[1] Petitioner initially filed his motion before the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §2241. Considering that the proper vehicle for challenging his conviction or sentence was §2255, the District Court granted petitioner the opportunity to withdraw or amend his petition prior to recharacterizing it as such. Absent a reply from petitioner, the District Court recharacterized petitioner's motion as a §2255 habeas petition and transferred the case to this court. *See* **ECF Nos. 2, 3, 5**.

[2] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

which applies here: "(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). The Court entered judgment against petitioner in **Criminal No. 13-888-1 (ADC)** on May 1, 2015. **Crim. No. 13-888-1 (ADC), ECF No. 895.** Petitioner did not file an appeal, rendering a timely *habeas* petition due within one year of when such judgment became final. *Id.* Although "[n]either the Supreme Court nor the First Circuit, to our knowledge, has decided when an unappealed federal criminal conviction becomes 'final' for the purposes of § 2255(f)(1)… [a]ll of the circuit courts that have answered this question, to our knowledge, have held that such a conviction becomes final when the time for filing an appeal expires." *Martínez-Serrano v. United States*, No. 11-1077, 2012 U.S. Dist. LEXIS 171941, *3 (D.P.R. Nov. 30, 2012). Because petitioner did not file an appeal, his conviction became final on May 15, 2015.

Petitioner filed his *habeas* motion on July 19, 2016, over a year after his conviction became final. **ECF No. 1.** Hence, absent equitable tolling, petitioner's 2255 motion is untimely. The doctrine of equitable tolling provides that, in exceptional circumstances, a statute of limitations "may be extended for equitable reasons not acknowledged in the statute creating the limitations period." The limitations period may be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Riva v. Ficco*,

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

615 F.3d 35, 39 (1st Cir. 2010) (*citing Holland*, 560 U.S. at 649). Equitable tolling is available only in cases in which "circumstances beyond the litigant's control have prevented him from promptly filing." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir.2005) (citations omitted). Here, petitioner does not address the issue of timeliness in his *habeas* motion or any subsequent filing. Therefore, petitioner is not entitled to equitable tolling and failed to show why the period of limitations should commence on a date other than when his judgment of conviction became final. *Barreto Barreto v. United States*, 551 F.3d 95, 99-100 (1st Cir. 2008) (citations omitted).

Albeit petitioner's motion is irremediably time-barred, as the government points out, petitioner's double jeopardy argument is unavailing. The Double Jeopardy Clause of the Fifth Amendment prohibits "for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after a defendant has been acquitted; (2) a second prosecution for the same offense after a defendant has been convicted; and (3) multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). For double jeopardy to attach a defendant must be tried for the same offense twice. *United States v. Smith*, 919 F.3d 1, 15 (1st Cir. 2019) (citations and internal quotation marks omitted). "When a defendant levies a claim of multiplicity, a court must determine whether there is a sufficient factual basis to treat each count as separate." *Id*. (citation and internal quotation marks omitted); *see Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Under *Blockberg*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* Thus, we must look to the elements of each offense. *United States v. Lanoue*, 137 F.3d 656, 661 (1st Cir. 1998).

According to the Presentence Report ("PSR"), on August 27, 2014, petitioner plead guilty in state court to a substantive offense entailing distribution of marihuana in violation of Article 401 of the Controlled Substances Act of Puerto Rico. **Crim. No. 13-888-1 (ADC), ECF No. 886** at 19; *see* P.R. Laws Ann. tit. 24, § 2401. On October 15, 2014, petitioner plead guilty before this Court to an offense charging conspiracy to illegally possess with the intent to distribute narcotics (heroin, cocaine and marihuana) in violation of 21 U.S.C. §842(a)(1), 846, and 860. *See* **Crim. No. 13-888-1 (ADC), ECF Nos. 590, 895**. Specifically, he conspired to distribute at least 5 kilograms but less than 15 kilograms of cocaine within a protected location. **Crim. No. 13-888-1 (ADC), ECF No. 895.**

The Supreme Court has repeatedly held that "[t]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses . . . and the plea of double jeopardy is no defense to a conviction for both offenses." *United States v. Felix*, 503 U.S. 378, 390 (1992) (collection of cases). This stems from the fact that "the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself." *Id.* at 390. Following this line of reasoning, the First Circuit emphasized that "conspiracy to commit a crime is not the same offense as the substantive

crime for double jeopardy purposes." *Lanoue*, 137 F.3d at 662 (citing *U.S. v. Felix*, 503 U.S. 378, 390-91 (1992)). While a violation of 21 U.S.C. § 846 does not require proving the commission of any overt acts in furtherance of the conspiracy (*i.e.,* the actual distribution), Article 401 requires proving the overt act, *i.e.,* distribution of the controlled substance. *See United States v. Shabani*, 513 U.S. 10, 15 (1994). Consequently, petitioner's sentence was not imposed in violation of the double jeopardy clause.

Petitioner requests an evidentiary hearing. However, there is no automatic right to an evidentiary hearing on a section 2255 petition. *See Cody v. United States*, 249 F.3d 47, 54 (1st Cir. 2001). A hearing is unnecessary "when the section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case. In other words, a §2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." *United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993) (citations omitted). Petitioner is not entitled to an evidentiary hearing because the 2255 motion is untimely. Moreover, after reviewing the record, the Court finds that an evidentiary hearing is unnecessary because petitioner's allegations do not entitle him to relief.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255. To merit a

COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied as untimely. Likewise, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner made no such showing here. Accordingly, the COA is **DENIED**.

Accordingly, the petition is **DENIED WITH PREJUDICE** as untimely. **ECF No. 1**. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of January, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**